UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  -vs-<br><br>ARVIN TERRILL CARMEN (1) and (1),<br>DONTA LYVOID BLACKMON (8),<br><br>                Defendants. | Nos.  2:13-CR-0008-WFN<br>          2:14-CR-0052-WFN<br><br>ORDER DENYING MOTION FOR<br>NEW TRIAL / JUDGMENT OF<br>ACQUITTAL |

      A post-trial motion hearing was held June 15, 2015. Defendants were present in custody. John Nollette represented Defendant Carmen and Troy Lee represented Defendant Blackmon; Assistant United States Attorney Russell Smoot represented the Government.

      The Court addressed Defendants' Motion for New Trial and Motion for Judgment of Acquittal or New Trial. ECF Nos. 3701 and 3703. The Court considers the Defendants joined for the purposes of these Motions and considered each Motion on behalf of each Defendant. The main thrust of each of the Motions is the assertion that the Court denied Defendants the opportunity to argue their defense of multiple conspiracies.

      Though, [t]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense" including "the right to present the defendant's version of the facts [. . .] this right is not absolute since the adversary process could not function effectively without adherence to rules of procedure that govern the orderly presentation of facts and arguments." *United States v. Evans*, 728 F.3d 953, 959 (9th Cir. 2013) (internal citations omitted). Defendants must show exactly how the Court erred in applying the rules of evidence and procedure in a way that prejudiced Defendants' right to present their version of events.

ORDER - 1

Defendants complain that the Court improperly excluded hearsay evidence which would have furthered their defense of multiple conspiracies. The only specific instance that Defendants address was that of a statement made by a source of information quoted in a report. Defendants attempted to cross examine Agent Sullivan as to the statement made by the source of information. Defendants never proffered any case law supporting admission of hearsay statements through law enforcement personnel testimony. Such statements clearly would be hearsay. See *United States v. Moddison*, 363 Fed. Appx. 473 (9th Cir. 2010). The Court finds no error in the failure to admit inadmissible hearsay.

Next Defendants complain that they should have been permitted to argue that contrary to guilty pleas entered by several co-Defendants to Count 2, those co-Defendants were in fact not guilty of the conspiracy alleged in Count 2. While the Court would have permitted the Defendants to argue that co-Defendants were involved in multiple conspiracies *in addition* to the conspiracy charged in Count 2, the Court did not permit defense counsel to argue that co-Defendants who had pled guilty were in fact not guilty. Had the Court permitted such an argument, it follows that the Government would have been authorized to enter into evidence the guilty plea and supporting facts for each co-Defendant to rebut those arguments. Such an admission would have been extremely prejudicial to Defendants.

Lastly, Defendants argued that the facts presented at trial could not support a single conspiracy. During argument, counsel presumed that to prove a conspiracy, the Government must show that for the entire course of the conspiracy all co-conspirators needed to be working harmoniously in concert toward a common goal. Were that the standard for a conspiracy, Defendants would be correct that the trial evidence was insufficient, but that is not the case. The elements of conspiracy in this case are: " (1) an agreement to accomplish an illegal objective, and (2) the intent to commit the underlying offense." *United States v. Herrera-Gonzalez*, 263 F.3d 1092, 1095 (9th Cir. 2001).

> Once the existence of the conspiracy is shown, evidence establishing beyond a reasonable doubt a knowing connection of the defendant with the

conspiracy, even though the connection is slight, is sufficient to convict him of knowing participation in the conspiracy. . . [A] defendant may have a slight connection to a conspiracy even if the defendant did not know all the conspirators, did not participate in the conspiracy from its beginning or participate in all its enterprises, or otherwise know all its details.

*United States v. Grasso*, 724 F.3d 1077, 1086 (9th Cir.) cert. denied, 134 S. Ct. 484, 187 L. Ed. 2d 327 (2013) . "A single conspiracy can include subgroups or subagreements." *United States v. Bauer*, 84 F.3d 1549, 1560 (9th Cir.1996), *as amended*. The facts only support multiple conspiracies where "defendants were only involved in separate conspiracies *unrelated to the overall conspiracy* charged in the indictment." *United States v. Fernandez*, 388 F.3d 1199, 1247 (9th Cir.2004) (citation and internal quotation marks omitted, emphasis original). The jury instructions correctly stated the law.

The Government presented evidence consistent with the theory of one global conspiracy. According to the Government's evidence, the conspiracy started small. As the oxycodone business grew, more and more co-conspirators joined the agreement to distribute pills. The co-conspirators played different roles, some were couriers, others facilitators, and many others distributed pills in Spokane. The Government's evidence showed that co-conspirators shared resources and modus operandi. The co-conspirators shared housing, "fade phones" and consequently a customer base, and couriers. Late joining co-conspirator learned the pill game from those with more experience.

Defendants contended that the facts presented showed several smaller conspiracies. Defendants argued that gathering of co-Defendants and their many telephonic interactions according to the toll data were primarily social. Defendants asserted that schisms between certain co-conspirators defied the theory that they were part of one large conspiracy. The Court gave the multiple conspiracy instruction to allow Defendants to fully argue their defense. Presented with multiple interpretations of the facts the jury made a reasonable interpretation of the facts presented that was contrary to Defendants interpretation.

The Court notes that in the case of Defendant Carmen, even if the Court determined that there was some flaw in the jury conviction on Court 2, a multiple conspiracy defense would not affect conviction on the CCE Count. The jury made specific findings as to the

ORDER - 3

predicate crimes committed which included several instances of distribution, possession of intent to distribute, and use of a communication facility in furtherance of a drug-trafficking offense.

The Court has reviewed the file and Defendants' Motions and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. For the reasons stated on the record and those recited above, Defendants' Motion for New Trial, filed May 21, 2015, **ECF No. 3701**, is **DENIED**.

2. For the reasons stated on the record and those recited above, Defendants' Motion for Judgment of Acquittal or New Trial, filed May 26, 2015, **ECF No. 3703**, is **DENIED**.

3. The Government's Motion for Leave to File Excess Pages, filed June 10, 2015, 2:13-CR-0008-WFN-1 **ECF No. 3766** and 2:14-CR-0052-WFN-1 **ECF No. 129,** are **GRANTED**.

4. The Government's Motion to Expedite Hearing, filed on June 10, 2015, 2:13-CR-0008-WFN-1 **ECF No. 3767** and 2:14-CR-0052-WFN **ECF No. 130,** are **GRANTED**. The underlying Motions were considered on an expedited basis.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 16th day of June, 2015.

06-15-15

       s/ Wm. Fremming Nielsen
      WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4