FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

# Jan 26, 2022

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ARVIN TERRILL CARMEN,

          Movant,

   -vs-

UNITED STATES OF AMERICA,

          Respondent.

No.   2:13-CR-0008-WFN-1

ORDER DENYING § 2255 MOTION

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence.  ECF No. 4618.

## BACKGROUND

Mr. Carmen was indicted for: (1) continuing criminal enterprise; (2) conspiracy to distribute a controlled substance; and in a separate indictment, (3) possession with intent to distribute a controlled substance.  A jury found Mr. Carmen guilty on all three counts.  Mr. Carmen timely appealed the judgment, only as it related to the continuing criminal enterprise and conspiracy charges, and on December 24, 2018, the Ninth Circuit affirmed. The mandate was entered on April 3, 2019, and the judgment became final for purposes of collateral attack ninety days later, when the certiorari period expired. The COVID-19 pandemic struck during the period for collateral attack, so the Court authorized several deadline extensions due to lack of access to legal materials during mandated quarantine periods. See e.g., ECF No. 4561. Consequently, Mr. Carmen's motion is timely.

## DISCUSSION

To gain relief, Mr. Carmen must establish that (1) he is in custody under a sentence of the federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the

ORDER ON § 2255 MOTION - 1

conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Carmen has proven the first two elements. To satisfy the third prong, Mr. Carmen argues that both his trial and appellate counsel provided ineffective assistance of counsel for failure to object to alleged jury instruction errors in the continuing criminal enterprise count.

To prevail on his ineffective assistance claims, Mr. Carmen must prove that trial and appellate counsel's performance was deficient and that he was prejudiced by this deficient performance. *United States v. Strickland,* 466 U.S. 668, 687 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689 (internal citations omitted). To show prejudice, Mr. Carmen must show that but for counsel's errors the results of the proceeding would have been different. *Id.* at 694.

The Government argues that a stricter, procedural default standard applies. If that is the case, to earn relief Defendant must show (1) cause excusing failure to raise the issue of flawed jury instructions earlier and (2) actual prejudice resulting from the alleged error. *United States v. Frady*, 456 U.S. 152, 167- 68 (1982). As explained in more depth below, Defendant fails to demonstrate error sufficient to satisfy the requirements of either *Strickland* or *Frady*, nor does he demonstrate prejudice.

Mr. Carmen raises two issues regarding the jury instructions: (1) the elements for the continuing criminal enterprise charge failed to require unanimity as to the predicate offenses as required by *Richardson v. United States,* 526 U.S. 813, 815 (1999); and (2) the elements for continuing criminal enterprise impermissibly expanded the conduct described by the statute by replacing "in concert with five or more other persons" with the phrase

ORDER ON § 2255 MOTION - 2

"five or more other persons were a part of an agreement *or* joint action. . ." (emphasis added). Mr. Carmen argues that because trial counsel failed to object to the jury instructions, his performance was deficient under *Strickland*. Further, Mr. Carmen argues that appellate counsel's failure to raise the issues on appeal constitutes ineffective assistance of counsel.

Whether measured by the procedural default standard or *Strickland*, the jury instructions sufficiently required unanimity. *Richardson* directs that jury instructions specify that the jury must unanimously determine each predicate offense for continuing criminal enterprise charges. Instruction No. 7 does just that. After explaining the charge and listing types of narcotics offenses, Instruction No. 7 directs the jury as follows:

> The jury must all agree on (1) which narcotics violations Defendant **CARMEN** committed, and (2) at least three specific occasions on which he committed the violations. It is not required that the narcotics violations be charged in the Indictments. The jury must, however, find that Defendant **CARMEN** committed each of the three narcotics violations beyond a reasonable doubt.

The instruction specifies that the jury must unanimously determine which underlying offenses Mr. Carmen committed and identify three specific times he violated the law. Mr. Carmen acknowledges that the jury instruction requires unanimity but argues that reference to the elements in other counts where he was not charged with the specific offense could have confused the jury and that the verdict form failed to specify that unanimity was required. Regarding Mr. Carmen's concern regarding confusion that may have arisen in referencing other counts, Instruction No. 7 specified that the *elements* were listed in the other counts but did not indicate that the conduct addressed in the other counts related to Defendant Carmen. As for the alleged deficiencies in the verdict form, Mr. Carmen complains that the verdict does not specify that each underlying offense must be unanimously agreed upon; however, the Government correctly notes that this concern is cured because the jury instructions as a whole include the specific unanimity instruction. "In evaluating jury instructions, we consider how the jury would have reasonably

understood the challenged instruction in the context of the instructions as a whole." *United States v. Moran*, 493 F.3d 1002, 1009 (9th Cir. 2007) (citing *Francis v. Franklin,* 471 U.S. 307, 315 (1985).

Turning to Mr. Carmen's second alleged error in the jury instructions, the Court concludes that Instruction No. 7 adequately described the element pertaining to acting 'in concert with' 5 or more other persons. Mr. Carmen complains that the language defining the term acting in concert improperly included the phrase "were part of an agreement" which inappropriately expanded the possible violative conduct to include a conspiracy rather than remaining limited to "joint action" as required by the continuing criminal enterprise statute. Mr. Carmen correctly notes that the definitional language in the second element is broad in scope encompassing more than the leadership role required to find a person guilty of continuing criminal enterprise. However, the instruction read as a whole, including the third element, required that the jury conclude that Mr. Carmen acted as an organizer, supervisor, or manager, to five or more persons. The special verdict form required that the jury unanimously find, beyond a reasonable doubt, that Mr. Carmen acted as an organizer, supervisor, or manager, of the five or more persons <u>and</u> required that the jury unanimously agree which specific people were involved, as well as finding that they were all acting in furtherance of the continuing criminal enterprise. Read in context with the entire jury instruction and the special verdict form, any overbreadth in the definition of 'in concert with' was cured by detailed language in element three and the special verdict form.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason may

differ with the Court's conclusion regarding use of the disjunctive in the definition of in 'concert with' in Instruction No. 7. Thus, a certificate of appealability should issue.

The Court has reviewed the file and briefing and is fully informed. Accordingly,

**IT IS ORDERED** that:

1.  Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed July 1, 2021, **ECF No. 4618**, is **DENIED**.

2.  The Government's Motion for Overlength Brief, filed December 8, 2021, **ECF No. 4642**, is **GRANTED**.

The District Court Executive is directed to file this order, provide copies to counsel, inform the Ninth Circuit Court of Appeals that if Mr. Carmen files a Notice of Appeal that a certificate of appealability is **GRANTED**; **AND CLOSE** the corresponding civil file, 2:21-CR-0203-WFN.

**DATED** this 26th day of January, 2022.

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

01-11-22

ORDER ON § 2255 MOTION - 5